**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Cole, | No. CV-25-01989-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Tereasa Hunter, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis ("IFP"). (Doc. 2).

**I.    Legal Standards**

**A.    Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

**B.    28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies

to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005). Additionally, "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

## II.   In Forma Pauperis Application

Here, the Court has reviewed the application to proceed IFP. (Doc. 2). The Court finds Plaintiff cannot pay the filing fee and still afford necessities. Accordingly, the motion will be granted.

## III.   Complaint

Next, the Court will screen the complaint under 28 U.S.C § 1915(e)(2). In short summary, Plaintiff is suing the Internal Revenue Service and one if its employees, Tereasa Hunter, seeking a refund of certain taxes he claims to have overpaid. (Doc. 1 at 4).

> In order for a district court to have subject matter jurisdiction over a tax refund suit, the plaintiff must meet five conditions imposed by 28 U.S.C. § 1346(a)(1), I.R.C. § 7422(a), and judicial precedent: 1) full payment of the tax; 2) a valid credit claim filed with the IRS; 3) action on the claim by the IRS; 4) the suit for refund must be brought within two years of the IRS' denial; and 5) the suit for refund must have the same basis as the claim originally filed with the IRS. Jacob Mertens, Jr., *Mertens Law of Federal Income Taxation* § 58A.11 (1995).

*King v. United States*, 949 F. Supp. 787, 789 (E.D. Wash. 1996), *aff'd,* 152 F.3d 1200 (9th Cir. 1998).

Similarly,

> While 28 U.S.C. § 1346(a)(1) generally grants federal district courts jurisdiction over civil actions against the United States for the recovery of any sums allegedly wrongfully collected under federal internal revenue laws, such jurisdiction is lacking unless the taxpayer has first paid the assessed tax and has filed an administrative claim for a refund with the IRS. *United States v. Dalm,* 494 U.S. 596, 601–02 (1990); 26 U.S.C. § 7422(a); *Boyd v. United States,* 762 F.2d 1369, 1371 (9th Cir.1985) (The filing of a refund claim meeting the requirements of the IRC and the regulations is a "jurisdictional prerequisite" to a suit seeking to recover taxes which have been erroneously

|   |   |
|---|---|
| 1 | or illegally collected.) …. |
| 2 | Furthermore, … the Court has no jurisdiction to enter any declaration to the effect that the IRS wrongfully determined the amount of taxes owed by the plaintiffs, *see* 28 U.S.C. § 2201; *Hughes v. United States,* 953 F.2d 531, 536–37 (9th Cir. 1992)…. |

*Doyal v. United States*, 308 F. Supp. 2d 1003, 1005 (D. Ariz. 2003).

Here, reviewing the complaint liberally, Plaintiff appears to state a claim and establish jurisdiction. Accordingly, the complaint may be served. However, the Court allows the claim to proceed without prejudice to Defendants making any motions they deem appropriate. *See Coleman v. Maldnado*, 564 F. App'x 893, 894 (9th Cir. 2014) (a district court may properly grant a motion to dismiss despite a prior screening order finding the complaint stated a claim); *Jones v. Sullivan*, 19-CV-0025BKSCFH, 2020 WL 5792989, at *5 (N.D.N.Y. Sept. 29, 2020) ("A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6)."); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("…challenges to a federal court's subject matter jurisdiction cannot be waived and may be raised at any time.).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis is granted.

**IT IS FURTHER ORDERED** that Plaintiff must serve the summons, complaint and a copy of this Order on Defendant within the time set by Federal Rule of Civil Procedure 4(m). Plaintiff may either serve the complaint through his own means, or file a motion asking for service by the U.S. Marshals. Any motion for Marshal service must be filed within 14 days of the date of this Order.

Dated this 24th day of June, 2025.

_____
James A. Teilborg
Senior United States District Judge