**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Cole, | No. CV-25-01989-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Teresa Hunter, | |
| Defendant. | |

Pending before the Court is Defendant Teresa Hunter's Motion to Dismiss.[1] (Doc. 21). Plaintiff Brandon Cole did not respond. The Court now rules.

## I.    BACKGROUND[2]

---

[1] Teresa Hunter is the Chief Financial Officer of the Internal Revenue Service ("IRS"). (Doc. 21 at 1). Although Plaintiff has named Hunter as the Defendant in this matter, the proper Defendant is the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("[A] suit against IRS employees in their official capacity is essentially a suit against the United States."). Accordingly, Hunter is dismissed from this case, and the United States will be treated as the proper Defendant. *See Braswell v. Unger*, CV-14-02574-TUC-JAS, 2015 WL 13810123, at *1 (D. Ariz. Aug. 11, 2015); *see also* 26 U.S.C. § 7422(f)(1) (a tax refund suit "may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative").

[2] The following summary of facts is taken from the Complaint (as amended) and the attachments to Defendant's Motion to Dismiss. Although Plaintiff references various documents in his Complaint—including his 2021 tax return and various documents he sent to or received from the IRS—he did not attach them. Defendant, however, attached the appropriate documents to its Motion to Dismiss. The Court thus references those documents in this section to accurately summarize the relevant facts of the case and only considers them to resolve Defendant's subject-matter-jurisdiction arguments pursuant to Federal Rule of Civil Procedure 12(b)(1). *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

In deciding a motion to dismiss for failure to state a claim, the Court must construe the facts alleged in the Complaint in the light most favorable to the Plaintiff and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

Plaintiff timely filed an income tax return for 2021, which showed an adjusted gross income of $4,781, taxable income of $0, $211 in withheld taxes, and $9,615 in "other payments and refundable credits." (Doc. 7 at 5; Doc. 21-3; Doc. 21-1 at 3 ¶ 11). On May 2, 2023, Plaintiff filed an amended tax return for 2021, alleging an adjusted gross income of $137,458, tax liability of $20,975, and $66,851 in withheld taxes. (Doc. 21-4 at 2). The amended return reflected a refund in the amount of $48,626. (Doc. 21-4 at 2). On November 27, 2023, the IRS mailed Plaintiff a notice indicating that it "made the changes [Plaintiff] requested to [his] 2021 Form 1040" and that a refund was due in the amount of $39,300 (the "November 2023 Notice"). (Doc. 21-5 at 2).

Plaintiff alleges he never received the refund. On September 26, 2024, Plaintiff attempted to recover the refund by sending a "Conditional Acceptance (CA)" to the IRS.[3] (Doc. 7 at 5; Doc. 21-7). In the Conditional Acceptance document, Plaintiff noted that he had received the IRS's November 2023 Notice "with an expected refund in 4-6 weeks from [the] date of [the] letter." (Doc. 21-7 at 3). Plaintiff further explained that it had been "nearly a year" without a resolution regarding his refund. (Doc. 21-7 at 3).

Plaintiff claims the IRS never responded to the Conditional Acceptance. (Doc. 7 at 5). He alleges that that he provided the IRS with a Notice of Fault on October 7, 2024, which it received on October 18, 2024, but that the IRS "failed to cure their fault within 14 days." (Doc. 7 at 5). Plaintiff's Complaint, filed July 9, 2025, alleges he has suffered financial harm "in the amount of $39,000 plus 8% from Nov[ember] 27, 2023 until Sep[tember] 26, 2024" due to Defendant's "wrongful retention of the refund." (Doc. 7 at jurisdiction.").

---

[3]    Plaintiff interpreted the IRS's November 2023 Notice as an "offer" to pay him a $39,300 refund for the 2021 tax year. By sending the Conditional Acceptance in September 2024, Plaintiff seems to think that he "accepted" the IRS's "offer" and formed a common-law contract. (Doc. 21-7 at 3).

5). Beyond this financial injury, Plaintiff alleges he has (a) been denied fundamental procedural rights "in violation of constitutional and statutory protections" due to the IRS's non-responsiveness to his Conditional Acceptance and his Notice of Fault, (b) suffered reputational and emotional harm, and (c) experienced mental and emotional distress. (Doc. 7 at 6). Plaintiff claims "these harms are ongoing and exacerbated by the failure of federal actors to acknowledge or rectify the matters raised." (Doc. 7 at 6).

On January 21, 2026, Defendant moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim. (Doc. 21 at 2).

## II.    LEGAL STANDARD

The following legal standards will be applied by the Court in connection with the Motion to Dismiss.

### A. **Rule 12(b)(1)**

Rule 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction. Federal courts are courts of limited subject matter jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts presume that "a cause lies outside this limited jurisdiction" and the burden of establishing the court's jurisdiction rests with the plaintiff. *Id.*; *Berdeaux v. U.S. Dept. of Educ. Loan Discharge Unit, San Francisco CA*, CV 10-1737-PHX-JAT, 2011 WL 3876001, at *2 (D. Ariz. Sept. 2, 2011) ("On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff must demonstrate that subject matter jurisdiction exists to defeat dismissal.").

As a general rule, the United States may not be sued unless it has waived its sovereign immunity. *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 806 (9th Cir. 2003). Accordingly, the Court lacks subject matter jurisdiction over claims against the United States unless the government consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) ("A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim."). "The

doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997).

"A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). Any limitations and conditions upon the waiver must be strictly observed, *Hodge*, 107 F.3d at 707, and the Court will construe any ambiguities regarding the scope of the government's sovereign immunity "in favor of the sovereign," *Lane*, 518 U.S. at 192. If a plaintiff cannot establish that its action against the United States falls within a waiver of sovereign immunity, the action must be dismissed. *See Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).

## B. Rule 12(b)(6)

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Federal Rule of Civil Procedure ("Rule") 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The United States Court of Appeals for the Ninth Circuit has instructed that courts must "construe pro se filings liberally" and give such plaintiffs the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010 (internal quotations and citation omitted). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III.    DISCUSSION

It is not clear from the face of Plaintiff's Complaint what claims he is asserting. Construing the Complaint liberally, as the Court must, it appears that Plaintiff has alleged a tax refund claim, violations of 26 U.S.C. §§ 7433 and 7804, and violations under the Administrative Procedure Act, False Claims Act, and Due Process Clause. [4]

Defendant argues that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

The dismissal of claims under Rule 12(b)(1) should be addressed before reasons for dismissal under Rule 12(b)(6). *Berdeaux*, 2011 WL 3876001, at *4 (citing 5 Wright, Federal Practice and Procedure § 1350, at 138–39 ("[W]hen the motion is based on more than one ground, the cases are legion stating the district court should consider the Rule 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge.")). Accordingly, the Court begins with Defendant's subject-matter-jurisdiction arguments.

### A.  Rule 12(b)(1): Lack of Subject Matter Jurisdiction

Defendant argues that the Court lacks subject matter jurisdiction to adjudicate Platiniff's tax refund claim, unlawful tax collection claim, and claims arising under the Administrative Procedure and False Claims Acts. The Court addresses each argument in turn.

### i.  Tax Refund Claim

Plaintiff alleges he is owed a $39,300 tax refund that he never received.

District courts have original jurisdiction over an action "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or

---

[4]    The form Complaint document instructs filers asserting more than one claim to "number each claim and write a short and plain statement of each claim in a separate paragraph." (Doc. 7 at 5). Plaintiff did not number his claims. However, he cites the following statutes and constitutional provisions as being "at issue in this case" in the "Basis for Jurisdiction" section of the Complaint: 26 U.S.C. §§ 7433 and 7804, 5 U.S.C. 702, 31 U.S.C. 3729, and U.S. Const. Amend. V.

any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). However, this statute "must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990).

The relevant qualifying provision here is 26 U.S.C. § 7422(a), which limits the right to bring a tax refund suit under § 1346(a)(1) "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a); *Catholic Answers, Inc. v. United States*, No. 09-CV-670-IEG (AJB), 2009 WL 3320498, at *6 (S.D. Cal. Oct. 14, 2009) ("Filing a claim for refund in compliance with 26 U.S.C. § 7422(a) and Treasury Regulation § 301.6402-2(b)(1) is a jurisdictional prerequisite to a suit for a refund."). Another prerequisite to a tax refund suit is that the challenged tax assessment must be paid in full. *Flora v. United States*, 362 U.S. 145, 150–51 (1960) (holding that section 1346(a)(1) "requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court").

Defendant contends the Court lacks jurisdiction over Plaintiff's tax refund claim because the United States has not waived its sovereign immunity. (Doc. 21 at 5). Specifically, Defendant argues that Plaintiff fails to satisfy (1) 26 U.S.C. § 7422(a)'s requirements and (2) *Flora*'s paid-in-full requirement. The Court addresses each of these jurisdictional prerequisites below.

### 1. 26 U.S.C. § 7422(a)

As stated, a taxpayer may not file a tax refund suit until they have filed a claim for refund with the IRS. *See* 26 U.S.C. § 7422(a); *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985). "[T]he claim, together with appropriate supporting evidence, shall be filed in a manner consistent with such form, form instructions, publications, or other guidance found on the IRS.gov Web site," and must satisfy the following conditions:

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis

thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

Treas. Reg. §§ 301.6402-2(a)(2), (b).

Plaintiff completed and filed a 1040-X amended tax return, which he signed under the penalty of perjury. (Doc. 21-4 at 3). The 1040-X form instructed filers to explain why they were filing an amended return and "attach any supporting documents and new or changed forms and schedules." (Doc. 21-4 at 3). Plaintiff attached 1099-A, 1099-B, and 1099-OID forms to the return, but did not otherwise provide a written statement explaining the basis for the requested refund. (Doc. 21-4 at 3, 5–8).

Defendant acknowledges that Plaintiff "included several enclosures with his administrative refund claim"—i.e., the 1099 forms—but argues Plaintiff "failed to provide the basis for the revised figures or furnish underlying facts to substantiate [the] figures" reflected in the 1040-X form, as required by 26 U.S.C. § 7422(a) and Treasury Regulation § 301.6402–2(b)(1). (Doc. 21 at 7). Defendant attached a declaration from Michael Rodriguez, an IRS revenue officer, who declared the following under penalty of perjury:

> [T]he IRS lacks records to support the numbers that appear in Mr. Cole's amended return, including the withholding amount.[5] In addition, IRS lacks records that can support the Forms 1099 and other related attachments to Mr. Cole's original and amended tax return. Such Forms 1099 and related attachments are therefore frivolous.[6]

(Doc. 21-1 at 3, ¶ 7). Because Plaintiff "failed to supply any clarifying documentation or explanation to the IRS to support the specific withholding and claimed refund amounts," Defendant contends the Court lacks jurisdiction over Plaintiff's tax refund claim. (Doc. 21 at 8). The Court agrees.

A refund claim must "set forth in detail each ground upon which a . . . refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." Treas. Reg. § 301.6402-2(b). Plaintiff's amended return failed to meet this standard. His refund

---

[5]    Plaintiff's original return states he withheld $211, (Doc. 21-3 at 3), and his amended return reflects $66,851 in withheld taxes, (Doc. 21-4 at 2).
[6]    The IRS assessed a $5,000 penalty against Plaintiff due to the "frivolous positions" advanced in his amended return. (Doc. 21-6 at 2; Doc. 21-2 at 4).

- 7 -

claim failed to offer any explanation or supporting documentation to substantiate his claim that he withheld $66,851 in taxes—an amount that exceeded his originally disclosed amount in withheld taxes by $66,640. A sworn declaration from an IRS officer stated that the attached 1099 forms were frivolous, which Plaintiff—as evidenced by his lack of response to Defendant's Motion to Dismiss—does not dispute. Because Plaintiff's amended return was devoid of any factual details, the IRS was unable to determine the basis of his claimed refund. Plaintiff's noncompliance with the Internal Revenue Code and Treasury Regulations thus divests this Court of jurisdiction over the claim. *See* 26 U.S.C. § 7422(a); Treas. Reg. § 301.6402-2; *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985) ("If the refund claim does not meet the requirements of the [Internal Revenue] Code and the regulations, the suit must be dismissed because filing pursuant to the rules is a jurisdictional prerequisite.") (internal citations omitted); *see also Provenzano v. United States*, 123 F. Supp. 2d 554, 557–58 (S.D. Cal. 2020) (dismissing plaintiff's suit for refund for failure to comply with jurisdictional prerequisites, including a failure to "provide sufficient detail" in the claim submitted to the IRS); *Taylor v. IRS*, 1:22-CV-01246-SAB, 2023 WL 2895441, at *3 (E.D. Cal. Apr. 11, 2023), *report and recommendation adopted*, 1:22-CV-1246 JLT SAB, 2023 WL 3224160 (E.D. Cal. May 3, 2023) (finding the court lacked jurisdiction over plaintiff's tax claim because plaintiff's letter of intent to sue did not articulate the grounds supporting his claim).

### 2. *Flora*'s Full-Payment of the Assessed Tax Requirement

Defendant asserts that the IRS assessed a $20 tax obligation on November 27, 2023,[7] (Doc. 21 at 3), and claims Plaintiff never paid this amount, (Doc. 21 at 7). Defendant claims that Plaintiff's failure to pay the assessed tax violates *Flora*'s "full payment rule" and serves as another jurisdictional barrier to his claim. (Doc. 21 at 7). The Court need not consider whether Plaintiff did or did not pay his assessed tax obligation because, as

---

[7] In support of this statement, Defendant cites to Exhibit D. (Doc. 21-5). Exhibit D reflects the refund notice the IRS sent to Plaintiff on November 27, 2023—this notice states that a refund is due in the amount of $39,300, but the $20 figure Defendant references is nowhere to be found in the cited document. (Doc. 21-5 at 2). The Court reviewed the other attachments to Defendant's Motion to Dismiss, but was unable to determine where the $20 assessment comes from.

discussed above, there is another independent ground divesting this Court of jurisdiction over Plaintiff's tax refund claim.

### ii. Violations Under 26 U.S.C. §§ 7432 and 7433

Plaintiff alleges he has suffered "direct financial injury including improper or excessive tax assessment and collection attempts" and "unauthorized or unexplained liens and levies placed upon personal property and income." (Doc. 7 at 6). Liberally construed, it appears that Plaintiff alleges a claim for unlawful tax collection under 26 U.S.C. § 7433 and a claim for failure to release a lien under 26 U.S.C. § 7432.

26 U.S.C. §§ 7432 and 7433 waive the United States' sovereign immunity with regard to civil actions for damages where any officer or employee of the IRS knowingly or negligently fails to release a lien on the property of a taxpayer, 26 U.S.C. § 7432(a), or recklessly, intentionally or negligently disregards any provision of the Internal Revenue Code in connection with any collection of federal tax with respect to a taxpayer, *id.* § 7433(a).

However, the United States' sovereign immunity from such a suit is not waived unless the taxpayer-plaintiff first exhausts the administrative remedies available to them within the Internal Revenue Service. *See* 26 U.S.C. § 7432(d)(1); 26 U.S.C. § 7433(d)(1). To exhaust the administrative remedies available to them, taxpayer-plaintiffs must submit a written damages claim—containing the information required by regulation—to the "Area Director" in the "area in which the taxpayer currently resides." Treas. Reg. § 301.7433–1(e)(2)(i)–(v) (outlining required contents of administrative claim). Accordingly, any failure to exhaust the administrative remedies mandated by 26 U.S.C. §§ 7432 and 7433 deprives this Court of jurisdiction. *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (district court lacked jurisdiction to hear action under 26 U.S.C. § 7433 because plaintiff failed to exhaust her administrative remedies).

Defendant contends that Plaintiff never submitted an administrative claim to the IRS raising violations of 26 U.S.C. §§ 7432 and 7433, and argues this failure deprives the Court of jurisdiction. (Doc. 21 at 9; Doc. 21-1 at 3). The Court agrees. Plaintiff's Complaint does

not allege that he submitted an administrative claim in accordance with the requirements of Treasury Regulation § 301.7433–1(e). Further, Michael Rodriguez's sworn declaration, attached to Defendant's Motion to Dismiss, states that "his review of the IRS records does not show any evidence that Mr. Cole ever filed an administrative claim for refund based on . . . 26 U.S.C. § 7432 or § 7433." (Doc. 21-1 at 3, ¶ 8). Plaintiff does not dispute this statement. Because Plaintiff has failed to submit an administrative claim for damages within the meaning of 26 U.S.C. §§ 7432 and 7433, he has not exhausted his administrative remedies and the Court lacks jurisdiction over these claims.

### iii.  The Administrative Procedure Act

Plaintiff's Complaint cites to a section of the Administrative Procedure Act ("APA"), but provides no argument or explanation regarding the statute's relevancy to his case. (Doc. 7 at 4 (citing 5 U.S.C. § 702 as a statute "at issue in this case")). Liberally construed, Plaintiff appears to allege that the IRS violated the APA.

The APA "provides for judicial review of agency action where there is law limiting agency discretion." *S. Delta Water Agency v. U.S., Dept. of Interior, Bureau of Reclamation*, 767 F.2d 531, 535 (9th Cir. 1985). The APA explicitly waives the United States' sovereign immunity, 5 U.S.C. § 702, but the Ninth Circuit Court of Appeals has held that claims brought against the United States pursuant to the Act must satisfy the requirements under § 704 of the APA, *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1169–70 (9th Cir. 2017). Section 704 states that only "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." 5 U.S.C. § 704 (emphasis added). In other words, the APA—and the United States' waiver of sovereign immunity—applies only when there is no other adequate remedy in court. *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011). If Congress "has enacted a special statutory review process for administrative action, that process applies to the exclusion of the APA." *Wilson v. Comm'r*, 705 F.3d 980, 990 (9th Cir. 2013).

Congress has enacted special provisions providing judicial remedies in tax refund

cases. Indeed, parties may bring suit under § 7422 of the Internal Revenue Code. 26 U.S.C. § 7422(a); *see Scholl v. Mnuchin*, 494 F.Supp.3d 661, 681 (N.D. Cal. 2020) (a tax refund suit is an adequate remedy for plaintiffs seeking a tax refund). Because taxpayers can pursue a remedy in federal court, the APA does not apply and the United States has not waived its sovereign immunity. Absent such a waiver, this Court lacks jurisdiction over a suit against the Government. Accordingly, the Court will dismiss Plaintiff's claim under the APA.

### iv.  The False Claims Act

Plaintiff's Complaint cites to the False Claims Act ("FCA"), but similarly fails to explain the Act's applicability to this case. (Doc. 7 at 4 (citing 31 U.S.C. § 3729 as a statute "at issue in this case")). Liberally construed, Plaintiff appears to allege that the IRS violated the FCA.

The FCA establishes a scheme permitting the Attorney General or a private party, 31 U.S.C. § 3730(a)–(b), to maintain a civil action and impose penalties against those who defraud the Government, *id.* § 3729; *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 180 (2016). "When brought by a private party, an enforcement action under the FCA is called a *qui tam* action, with the private party referred to as the relator." *United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791, 793 (9th Cir. 2017) (internal quotations and citation omitted). The Ninth Circuit Court of Appeals has explained that the purpose of the FCA's *qui tam* provisions "is to employ the help of individuals to uncover fraud against the government." *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007) (internal quotations and citation omitted). The FCA thus motivates private individuals "to bring suit in federal court *on behalf of the United States* by effecting a partial assignment of the government's damages claim to the realtor." *Id.* (cleaned up) (emphasis in original); *see also Braswell v. Unger*, CV-14-02574-TUC-JAS, 2015 WL 13810123, at *3 (D. Ariz. Aug. 11, 2015) (noting that the FCA "is for the *benefit* of the United States") (emphasis added). "Beyond this limited provision for a *qui tam* action, the [FCA] does not authorize the pro se prosecution of Section 3729

violations." *Poorsina v. Bank of Am., N.A.*, 23-CV-06644-PHK, 2024 WL 3012803, at *3 (N.D. Cal. June 14, 2024) (citing *Stoner*, 502 F.3d at 1127).

Plaintiff, proceeding pro se, is not bringing an action *on behalf of* the Government for its benefit; he is bringing an action *against* the Government for his own benefit. The FCA is thus inapplicable to this action. In any event, the FCA's "tax bar"—stating that the FCA "does not apply to claims, records, or statements made under the Internal Revenue Code of 1986"—serves as an additional bar to Plaintiff's claim. 31 U.S.C. § 3729(d). The Court will dismiss Plaintiff's FCA claim. *See Braswell*, 2015 WL 13810123, at *3 (dismissing plaintiff's FCA claim because the claim was "adverse to the Government's interests," was "impermissibly advanced by a pro se litigant," and "would nevertheless be prohibited by the FCA's tax bar").

### B. Rule 12(b)(6): Failure to State a Claim

#### i. IRS's Failure to Act or Respond in Violation of 26 U.S.C. § 7804

Plaintiff appears to allege a violation of 26 U.S.C. § 7804.

Section 7804 vests the IRS with authority to hire and supervise its employees, and details procedures to deal with delinquent IRS officers and employees. Some courts have interpreted challenges under this section as plaintiffs' attempts to seek termination of or other "employment action" against IRS employees. *See Mackinnon v. Fredrickson*, 04-598-KI, 2005 WL 708337, at *4 (D. Or. Mar. 29, 2005) (plaintiff seeking termination of two IRS appeals officers); *Valladares v. I.R.S.*, CV-F-00-4041-AWI/SMS, 2001 WL 670629, at *7 (E.D. Cal. May 2, 2001) ("It appears Plaintiff's cite to [26 U.S.C. § 7804] . . . is an attempt to request the IRS and/or IRS Commissioner take some employment action against Defendant Reece."). Those courts have held there is no private cause of action under 26 U.S.C. § 7804. *Mackinnon*, 2005 WL 708337, at *4; *Valladares*, 2001 WL 670629, at *7.

Plaintiff's Complaint alleges that the IRS failed to (1) respond to his Conditional Acceptance "within the required timeframe" and (2) "cure their fault within 14 days" of receiving Plaintiff's Notice of Fault. (Doc. 7 at 5). Plaintiff alleges he has suffered harm

from the IRS's "unresponsiveness to lawful requests for record correction reconciliation or formal accounting." (Doc. 7 at 6).

To the extent that Plaintiff attempts to argue that the IRS's conduct or lack of responsiveness constituted "delinquent" behavior in violation of 26 U.S.C. § 7804, the Court will dismiss such a claim because § 7804 does not confer a private right of action for the IRS's lack of response to a refund request. *Kehmeier v. United States*, No. CV-24-03211-PHX-SHD, 2025 WL 2719939, at *4 (D. Ariz. Sept. 24, 2025) (noting that "the IRS's failure to respond to a refund claim does not itself entitle [plaintiff] to a refund" and explaining that the proper recourse "is to file suit in court if [plaintiff] receives no response to his refund claim after six months"). Because Plaintiff fails to state a claim for which relief can be granted, his § 7804 claim is dismissed under Rule 12(b)(6).

### ii.  Due Process

Plaintiff claims he "has been denied fundamental procedural rights . . . with lack of timely and sufficient notice regarding determinations affecting property or tax status," and that he has not been afforded a "meaningful opportunity to be heard or to challenge adverse actions." (Doc. 7 at 6). Liberally construed, Plaintiff seems to assert that the IRS's lack of responsiveness to his Conditional Acceptance and Notice of Fault violated his right to due process under the Fifth Amendment to the United States Constitution. (*See* Doc. 7 at 4 (noting the "U.S. Const. Amend. V – Due Process Clause" is "at issue in this case")).

This argument has no merit. The Ninth Circuit Court of Appeals has denied due process challenges in tax-related matters because a taxpayer-plaintiff's "due process rights are adequately protected by the statutory scheme which allows [such plaintiffs] to . . . sue for a refund in federal district court or in the Court of Claims." *Stonecipher v. Bray*, 653 F.2d 398, 401–03 (9th Cir. 1981) (finding the IRS did not deny plaintiff due process by not holding a hearing before ordering him to withhold taxes); *see also Maxfield v. U.S. Postal Serv.*, 752 F.2d 433, 434 (9th Cir. 1984) (finding plaintiff "made no showing that he has been deprived of his property without due process" because he "has an adequate remedy at law if withholding exceeds his tax liability"); *Boday v. United States*, 759 F.2d 1472, 1475

(9th Cir. 1985) (citing *Stonecipher* and rejecting taxpayer's contention that they were deprived of due process because a tax penalty was assessed before they were afforded a judicial hearing).

Accordingly, Plaintiff fails to state a due process claim.

## IV.    Leave to Amend

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, Inc., 806 F.2d 1393, 1401 (9th Cir. 1986); *see* Fed. R. Civ. P. 15(a).

Because the Court is dismissing five of Plaintiff's claims—i.e., claim for tax refund, violations under 26 U.S.C. §§ 7432 and 7433, and violations of the APA and FCA—for lack of subject matter jurisdiction, rather than failure to state a claim, the Court will not grant Plaintiff leave to amend his Complaint as to those claims. *Mitchell v. Nat'l Sec. Agency*, CV 09-1659-PHX-JAT, 2009 WL 5175053, at *2, n.3 (D. Ariz. Dec. 18, 2009) (refusing to grant leave to amend because the Court's dismissal was based on lack of subject matter jurisdiction).

The Court evaluated Plaintiff's due process and 26 U.S.C. § 7804 claims under the 12(b)(6) standard and found dismissal was warranted. The Court further finds that amendment under Rule 15(a) would be futile. Plaintiff cannot allege new facts that will transform § 7804 into a viable claim because a private cause of action under this statute does not exist. Plaintiff also cannot allege facts that would alter the settled law in this Circuit barring due process claims in tax liability actions. *See Stonecipher*, 653 F.2d at 403. Accordingly, the Court will not grant leave to amend and will dismiss this action with prejudice.

## V.    CONCLUSION

Accordingly,

/ / /

/ / /

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 21) is **granted** and this case is dismissed, with prejudice, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, as specified above. The Clerk of the Court shall enter judgment accordingly.

Dated this 3rd day of April, 2026.

James A. Teilborg
Senior United States District Judge